IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEWIS BOOKER<br>4569 MacArthur Blvd NW, Apt. 202<br>Washington, D.C. 20007-4278 | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA GOVERNMENT<br>1350 Pennsylvania Ave, NW<br>Washington, DC 20004 | )<br>)<br>) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff Lewis Booker (hereinafter "Plaintiff"), by and through undersigned counsel, and files this his *Complaint* for damages against Defendants District of Columbia (hereinafter "Defendant") and for cause would show unto the Court the following:

## PARTIES

1. Plaintiff Lewis Booker is an adult resident of the District of Columbia.

2. Defendant District of Columbia is a municipal corporation capable of being sued pursuant to D.C. Official Code § 1-102.

## JURSIDCITION AND VENUE

3. This is a suit to obtain relief for race discrimination under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff alleges the Defendant subjected him to unlawful harassment

and retaliation because of his race, African-American. Plaintiff seeks relief under 42 U.S.C. § 1981 and 42 U.S.C.§ 1983 for violations of his civil rights by Defendants.

4.  Plaintiff alleges the Defendants subjected her to unlawful harassment because of her gender, female, and her race, African-American. Plaintiff seeks relief under 42 U.S.C. § 1981 and 42 U.S.C.§ 1983 for violations of her civil rights by Defendants.

5.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 28 U.S.C. § 2202.

6.  Venue is proper in that the alleged acts occurred in the District of Columbia.

## ADMINISTRATIVE REMEDIES

7.  Plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendant. (Charge No. 570-2019-01675).

8.  The EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter") which has a mailed date of June 3, 2019.

9.  Plaintiff initiated this action within 90 days of the mailed date.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by the District Department of Transportation (hereinafter "Agency").

12. On June 6, 2019, Agency issued Notice of Final Decision for Proposed Removal terminating Plaintiff from his position.

13. Plaintiff had been a nineteen-year veteran as employed by Agency prior to his removal.

14. In Plaintiff's most recent position, Plaintiff operated as a Transportation Planner/Specialist.

15. On or about August 2015, Plaintiff complained to the District of Columbia Office of Human Rights about race discrimination.

16. As part of the resolution, Plaintiff was detailed to work in the Right of Way program on or around November 2015.

17. In or around November 2017, Plaintiff began being marginalized for his work projects and assignments.

18. Although Plaintiff produced satisfactory work and had an extensive amount of experience, Plaintiff was repeatedly denied promotions by the program supervisor Ron Williams.

19. Instead, Mr. Williams repeatedly chose similarly situated employees who were not African American and lacked the experience that Plaintiff had.

20. On or about August 2018, Plaintiff was informed by Attorney Margaret Crane that she deemed him to be too incompetent to be operating in his position.

21. Ms. Crane's remarks were hostile, demeaning, and overtly inappropriate.

22. Ms. Crane further did not display the same hostility towards similarly situated employees who were not African American.

23. Plaintiff informed Agency of Ms. Crane's remarks and requested Ms. Crane issue an apology as a resolution. Plaintiff further requested to be relocated to the Permit Office to avoid further conflict with both Mr. Williams and Ms. Crane. Plaintiff's requests were denied.

24. From November 2018 to March 2019, Plaintiff worked with the Metropolitan Police Department EEO counselor and received an exit letter. Plaintiff had filed charges against Anna Chamberlain and Ron Williams.

25. On or about December 2018, Plaintiff began reporting to supervisor Anna Chamberlin. Plaintiff had previously filed an EEO complaint against Ms. Chamberlain.

26. After Plaintiff began working for Ms. Chamberlain, Plaintiff noticed a number of intentional retaliatory actions being taken against him.

27. Specifically, Plaintiff was intentionally omitted from the organizational chart. Plaintiff did not receive the same assignments as other employees. Plaintiff's receipt of his office space and office computer was delayed. Ms. Chamberlin would bypass Plaintiff and choose to consult with other employees instead of Plaintiff on projects that Plaintiff had direct involvement in. Plaintiff was routinely excluded from training meetings and staffing events. Plaintiff was the only employee who was micromanaged regarding his time and attendance by Ms. Chamberlain.

28. On or about March 28, 2019, Mr. Chamberlain and Mr. Williams collectively prepared a written notice of Plaintiff's removal from his position. After receipt of the notice Plaintiff was barred from the office and placed on administrative leave up and until Plaintiff's termination.

29. Because Plaintiff had filed complaints against Ms. Chamberlain, she should not have been Plaintiff's supervisor as she had a clear bias against Plaintiff.

30. Further, Ms. Chamberlain should not have been involved in the decision to remove Plaintiff as she had a clear bias against Plaintiff.

31. Plaintiff's termination was retaliatory based on the EEO complaints filed against Ms. Chamberlain and Mr. Williams.

## COUNT I: RACE DISCRIMINATION

32. Plaintiff adopts the above facts in support of this Count.

33. Plaintiff brings this claim under Title VII of the Civil Rights Act of 1964, as amended against Defendant District of Columbia.

34. Plaintiff alleges Defendant violated Title VII because Plaintiff was repeatedly denied promotions by his supervisors at the Agency despite his extensive experience and satisfactory work by.

35. Instead, Defendant repeatedly promoted similarly situated employees who were not African-American. These similarly situated employees had less experience as Plaintiff and produced lower quality work than Plaintiff.

36. Further, Plaintiff was subjected to demeaning, hostile, and humiliating behavior from his superiors. Similarly situated employees, who were not African-American, were not subjected to the same hostility as Plaintiff.

37. Lastly, Plaintiff was subjected to heightened scrutiny in terms of his attendance and time. Similarly situated employees, who were not African-American, were not subjected to the same heightened scrutiny.

38. Such unlawful employment practice proximately caused Plaintiff to suffer economic damages.

39. Defendant is liable for discriminatory conduct to which it subjected Plaintiff.


WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against Defendant pursuant to an Order awarding:

a.   Compensatory damages to be determined by the trier of fact;

b.   Nominal damages to be determined by the trier of fact;

c.   Punitive damages to be determined by the trier of fact;

d.  Declaratory and injunctive relief;

e.  That relief, which is fair, just, and equitable under the circumstances of this case;

## COUNT II: RETALIATION

40. Plaintiff adopts the above facts in support of this County.

41. Plaintiff brings this claim of Retaliation against Defendant District of Columbia.

42. Plaintiff alleges Defendant retaliated against him in response to Plaintiff's EEO filing against Anna Chamberlain.

43. Plaintiff's EEO filing is a protected activity which Defendant is prohibited in retaliating against.

44. After Plaintiff filed his complaint against Ms. Chamberlain, he was placed under Ms. Chamberlain supervision.

45. While being supervised by Ms. Chamberlain, Plaintiff was intentionally omitted from the organizational chart. Plaintiff did not receive the same assignments as other employees. Plaintiff's receipt of his office space and office computer was delayed. Ms. Chamberlin would bypass Plaintiff and choose to consult with other employees instead of Plaintiff on projects that Plaintiff had direct involvement in. Plaintiff was routinely excluded from training meetings and staffing events. Plaintiff was the only employee who was micromanaged regarding his time and attendance by Ms. Chamberlain.

46. Finally, Ms. Chamberlain was directly in the termination of Plaintiff.

47. Defendant is liable for the claim of retaliation against Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against Defendant pursuant to an Order awarding:

a.  Compensatory damages to be determined by the trier of fact;

b.   Nominal damages to be determined by the trier of fact;

c.   Punitive damages to be determined by the trier of fact;

d.   Declaratory and injunctive relief;

e.   That relief, which is fair, just, and equitable under the circumstances of this case;

JURY TRIAL DEMANDED

Respectfully submitted,

/s/ Charles Tucker, Jr.
Charles Tucker, Jr.
TuckerMoore Group
8181 Professional Place, Suite 207
Hyattsville, MD 20785
Phone: 301-577-1175
Email: Charles@tuckerlawgroupllp.com
ATTORNEY FOR PLAINTIFF