IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEWIS BOOKER | ) |
| Plaintiff, | ) Case No.: 1:19-cv-02639-RBW |
| v. | ) |
| DISTRICT OF COLUMBIA GOVERNMENT | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS

COMES NOW, Plaintiff Lewis Booker (hereinafter "Plaintiff"), by and through undersigned counsel, and files his response in opposition to Defendant's partial motion to dismiss. In support thereof, Plaintiff states as follows:

## INTRODUCTION

This action concerns Defendant's discriminatory and retaliatory treatment of an African-American male employee. This case involves race discrimination and retaliation employment claims. The Defendant moves to dismiss Plaintiff's race discrimination claim and retaliation claim. The Defendant's motion should be denied in its entirety.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to assert a defense to a case by motion where a plaintiff fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. *U.S. ex rel. Harris v. Bernad*, 275 F.Supp. 2d 1,

5 (D.D.C. 2003). The court has the authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not state factual allegations showing that the right to relief is plausible and above mere speculation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).

Additionally, a court need not accept as true plaintiff's legal conclusions, deductions, or opinions, which are merely asserted as factual allegations. *Id.* at 555. A claim is considered facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged — *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When considering a motion to dismiss, the court assumes that the facts alleged by the plaintiff are true, and gives the plaintiff the benefit of all inferences that can be derived from the facts as alleged. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46. In Bell Atlantic Corporation v. Twombly, 55 U.S. 544 (2007). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. *Id*. A complaint is sufficient even if actual proof is "improbable" and "'recovery is very remote and unlikely.'" *City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 4 (D.D.C. 2008). The court will consider facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See St. Francis Xavier Sch.*, 117 F.3d at 624; *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n. 6 (D.C. Cir.1993).

## ARGUMENT

**1.  Plaintiff's Race Discrimination Based on Failure to Promote is Timely**

"Under Title VII, it is an 'unlawful employment practice' for employers 'to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' " *Downing v. Tapella*, 729 F.Supp.2d 88, 93 (D.D.C.2010) (quoting 42 U.S.C. § 2000e–2(a)(1)). A discriminatory "failure to promote an employee constitutes an adverse employment action" reached by Title VII. Kelly v. LaHood, 840 F.Supp.2d 293, 301 (D.D.C.2012) (citing *Stella v. Mineta*, 284 F.3d 135, 146 (D.C.Cir.2002)).

Under Title VII, a plaintiff must exhaust all administrative remedies. See United Air Lines, Inc. v. Evans,431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) ; McDonnell Douglas Corp. v. Green,411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) ; Washington v. Wash. Metro. Area Transit Auth.,160 F.3d 750, 752 (D.C.Cir.1998) ("Before suing under ... Title VII, an aggrieved party must exhaust his administrative remedies ...."); see also42 U.S.C. § 2000e–5(f)(1). Title VII requires "aggrieved persons" to file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred, but this period is extended to 300 days when the person has initially instituted a procedure with a state or local agency. 42 U.S.C. § 2000e–5(e)(1). In the District of Columbia, a plaintiff has 300 days to file a charge with the EEOC. See Carter v. George Washington Univ.,387 F.3d 872, 879 (D.C.Cir.2004). The 300-day period for filing an EEO charge starts to run when the plaintiff "has reasonable suspicion that [s]he has been the victim of discrimination." *Lewis v. District of Columbia,*535 F. Supp. 2d 1, 6 (D.D.C. 2008) (citing *Aceto v. England,*328 F. Supp. 2d 1, 7 (D.D.C. 2004)); *see also*42 U.S.C. § 2000e-5(e)(1).

Defendant argues that Plaintiff's claim for race discrimination is untimely. Defendant believes that the last denial of a promotion for Plaintiff occurred in March 2018. See Defendant's Memorandum at pg. 5. Based on Defendant's calendaring of the dates, Plaintiff's filing of his EEOC charge would have had to have been filed by January 2019. *Id.* Contrary to Defendant's argument, the last denial of a promotion for Plaintiff occurred after March 2018.

Plaintiff was continuously denied opportunities for promotions. See Compl. At ¶ 18-19. The continuous denial of promotions occurred up until and through the filing of Plaintiff's EEO charge. Employees selected for promotion instead of Plaintiff similarly situated. *Id.* at ¶19. These employees were not African American. *Id.* These employees also lacked the experience that Plaintiff had. *Id.* Plaintiff did not rely on a single overlooked promotion to believe that his denials were based on race discrimination. Once Plaintiff realized consistently being overlooked for inexperienced, non-African American employees, Plaintiff filed his EEO charge. As such, Plaintiff's filing was not untimely and must survive Defendant's motion to dismiss.

**2. Plaintiff Has Plead Sufficient Claims For His Race Discrimination Claim.**

"Under Title VII, it is an 'unlawful employment practice' for employers 'to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Downing v. Tapella, 729 F.Supp.2d 88, 93 (D.D.C.2010) (quoting 42 U.S.C. § 2000e–2(a)(1)). A discriminatory "failure to promote an employee constitutes an adverse employment action" reached by Title VII. Kelly v. LaHood, 840 F.Supp.2d 293, 301 (D.D.C.2012) (citing Stella v. Mineta, 284 F.3d 135, 146 (D.C.Cir.2002)). Claims of employment discrimination under Title VII may proceed under both "disparate treatment" and "disparate impact" theories. *Ricci v. DeStefano*

, 557 U.S. 557, 577, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009) ; *see also Griggs v. Duke Power Co.* , 401 U.S. 424, 431, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971).

"Disparate treatment occurs when '[t]he employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin.' " *Anderson v. Zubieta* , 180 F.3d 329, 338 (D.C. Cir. 1999) (alteration in original) (quoting *Int'l Bhd. of Teamsters v. the United States* , 431 U.S. 324, 335 n.15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) ); *see also* 42 U.S.C. § 2000e–2(a)(1) (making it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin"). To make out a *prima facie* case of disparate treatment discrimination, a plaintiff must prove that "(i) [he or she] suffered an adverse employment action (ii) because of [his or her] race, color, religion, sex, or national origin." *Brady v. Office of Sergeant at Arms* , 520 F.3d 490, 493 (D.C. Cir. 2008) ; *see also id.* at 493 & n.1 (citing *McDonnell Douglas Corp. v. Green* , 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

As stated above, Plaintiff has sufficiently pleaded his claim of race discrimination. Plaintiff was continuously denied opportunities for promotions. See Compl. at ¶¶ 18-19. The continuous denial of promotions occurred up until and through the filing of Plaintiff's EEO charge. Employees selected for promotion instead of Plaintiff similarly situated. *Id.* at ¶19. These employees were not African American. *Id.* These employees also lacked the experience that Plaintiff had. *Id.* Plaintiff did not rely on a single overlooked promotion to believe that his denials were based on race discrimination. Once Plaintiff realized consistently being overlooked for inexperienced, non-African American employees, Plaintiff filed his EEO charge.

Defendants further allege that Plaintiff's allegations of a single insulting remark do not constitute an adverse employment action. See Defendant's Memorandum on pg. 7. Plaintiff alleged that he was being marginalized for his work projects and assignments. See Compl. at ¶ 17. Plaintiff was called too incompetent to be operating in his position by Attorney Margaret Crane, who as acting in the role of Plaintiff's supervisor. *Id*. at ¶ 20.  Plaintiff found her remarks to be hostile, demeaning, and overly inappropriate. *Id*. at ¶ 21. Ms. Crane did not display this same hostility towards similarly situated employees who were not African American. *Id.* at ¶ 22. Plaintiff requested a simple apology as a resolution for Ms. Crane's behavior. *Id.* at ¶ 23. Plaintiff further requested to be relocated to the Permit Office so that further conflict. *Id.* Plaintiff's request was denied. *Id.*

Defendants seek to argue that the single incident to be insufficient to support Plaintiff's claim. However, Plaintiff has shown a pattern of hostile and disparaging events to support his claim of race discrimination. This pattern lends itself to support Plaintiff's argument that he was being overlooked because of his race. Plaintiff has shown that similarly situated, non-African American employee was not subject to the same mistreatment that he was forced to endure. These same similarly situated, non-African American employees were continuously promoted over Plaintiff. Plaintiff has pleaded sufficient facts to support her claim for race discrimination. Therefore, Defendant's motion is due to be denied.

### 3. **Plaintiff's Retaliation Should Not Be Dismissed in Part**

To prove unlawful retaliation, Plaintiff must show that the District took a materially adverse action against him because he participated in a protected activity. *See McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012). A materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*

*N. & Santa Fe Ry. Co. v. White*, 548 US. 53, 68, (2006). Defendant argues that Plaintiff's complaint of being omitted from the organization charge, receiving different assignments, delay in receiving his computer and office, not being consulted by his supervisor, exclusion from training and staff events, and having his time/attendance closely monitored do not sufficiently support his claim of relation. Accordingly, Defendant would have this court dismiss those portions of Plaintiff's complaint.

These actions, as alleged by Plaintiff, outline the pattern of conduct by the Plaintiff's superiors in retaliation of his filing his EEO complaint against Ms. Chamberlain. See Compl. at ¶ 25-27. Ms. Chamberlain was then involved in preparing the written notice of Plaintiff's position. See Compl. at ¶ 28. Upon receipt, Plaintiff was barred from the office and placed on administrative leave up until his termination. *Id.* Plaintiff has asserted sufficient facts to show that the conduct by Defendant was retaliatory. As such, Defendant's motion is due to be denied.

4. **Plaintiff'S Claims under 42 U.S.C. § 1983 Are Sufficient.**

Plaintiff has pleaded sufficient facts to support his claim under 42 U.S.C. § 1983. As stated above, Plaintiff has sufficiently pleaded his claim of race discrimination. Plaintiff was continuously denied opportunities for promotions. See Compl. at ¶¶ 18-19. The continuous denial of promotions occurred up until and through the filing of Plaintiff's EEO charge. Employees selected for promotion instead of Plaintiff similarly situated. *Id.* at ¶19. These employees were not African American. *Id.* These employees also lacked the experience that Plaintiff had. *Id.* Plaintiff did not rely on a single overlooked promotion to believe that his denials were based on race discrimination. Once Plaintiff realized consistently being overlooked for inexperienced, non-African American employees, Plaintiff filed his EEO charge.

## **CONCLUSION**

Based on the foregoing, Defendant's Motion to Dismiss is due to be denied in its entirety.

Respectfully submitted this 16th day of January 2020.

/s/ Charles Tucker, Jr.
Charles Tucker, Jr.
TuckerMoore Law Group
8181 Professional Pl. Suite 207
Hyattsville, MD 20785
charles@tuckerlawgroupllp.com
301-577-1175